**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

**STEPHENNIE PLUMMER,**

     **Petitioner,**

**v.**          **Case N0. 2:15-cv-00315**

**ADMINISTRATOR, Southwestern
Regional Jail,**

     **Defendant.**


**PROPOSED FINDINGS AND RECOMMENDATIONS**

Pending before the Court are the following: Petitioner Stephennie Plummer's Application to Proceed Without Prepayment of Fees and Costs, (ECF No. 5), some filings that have been designated by the Clerk of Court as a *pro se* petition for a writ of habeas corpus, (ECF Nos. 1, 6, 7, 8), a Petition Under 28 U.S.C. § 2254, (ECF No 4), two Petitions Under W. Va. Code § 53-4A-1 for a Writ of Habeas Corpus, (ECF Nos. 12, 13), and another filing that the Clerk has designated as a Motion to Amend the Petitions for a Writ of Habeas Corpus, (ECF No. 14). This matter is assigned to the Honorable Thomas E. Johnston, United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).

As Petitioner clearly fails to state a claim for relief, the undersigned **RECOMMENDS** that the presiding District Judge **DENY** Plaintiff's Application to

1

Proceed Without Prepayment of Fees and Costs, **DISMISS** the various petitions for habeas relief, without prejudice, **DENY** the motion to amend the petitions, as moot, and **REMOVE** this action from the docket of the Court.

## I.     Relevant Procedural Background

On January 6, 2015, Petitioner Stephanie Plummer ("Plummer"), a pretrial detainee at West Virginia's Southwestern Regional Jail, filed the instant action seeking immediate release from custody and "to be relinquished from these alleged crimes."[1] (ECF No. 1 at 1). According to paperwork subsequently filed by Plummer, she was arrested on December 24, 2014 by a McDowell County Deputy Sheriff after a witness saw her running away from a house that had been set on fire. (ECF No. 7 at 2-3). That same day, the Deputy Sheriff swore out a criminal complaint charging Plummer with First Degree Arson. (*Id.*). On December 25, 2014, Plummer appeared before a county magistrate, who found probable cause to proceed with the complaint. (*Id.*). The magistrate ordered Plummer detained until she posted a $10,000 cash, surety, or real property bond. (ECF No. 1 at 2). Plummer apparently could not post bond and was therefore placed in jail "against [her] human rights." (ECF No. 1; ECF No. 4 at 1, 3). Over the course of her pretrial detention, Plummer filed seven supplements to her original pleading. (ECF Nos. 4, 6, 7, 8, 12, 13, 14).

Considering the filings as a whole, Plummer asserts a variety of improprieties in the pending state criminal action; however, she primarily complains that she has been

---

[1] According to information supplied to the undersigned by the Southwestern Regional Jail, Plummer was discharged from state custody on August 11, 2015. The inmate locator available on the West Virginia Regional Jail and Correctional Facility Authority's website corroborates that Plummer is no longer in custody. The inmate locator available on the West Virginia Division of Corrections' ("DOC") website also confirms that Plummer is not in the DOC's custody. Although required to do so by the local rules of this Court, Plummer has not provided the Clerk of Court with an updated address. Therefore, the status of the charge against Plummer and her current location are unknown.

incarcerated without having been proven guilty of a crime, in violation of her rights under "Article Four of the Declaration of Human Rights" and the Fourth Amendment to the United States Constitution. (ECF No. 12 at 2, 4). Plummer additionally objects to efforts by the presiding state court judge to assign defense counsel for her, which she believes is contrary to her clearly stated preference to defend herself. (ECF No. 14 at 1). In addition to release from custody and dismissal of the arson charge against her, Plummer asks to be "compensated for [her] time lost." (ECF No. 1 at 1, ECF No. 4 at 15).

## II.    <u>**Standard of Review**</u>

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires a judge to perform a preliminary examination of a petition for habeas relief to determine if it states a valid claim. "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." *See* Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. Habeas corpus is the appropriate and exclusive remedy for a prisoner to attack the validity or duration of his confinement. *Preiser v. Rodriguez,* 411 U.S. 475, 500, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973). Where a prisoner seeks "immediate release or a speedier release" from imprisonment, the sole remedy is a writ of habeas corpus. *Id.* Under federal law, there are different statutory provisions under which a habeas corpus petition may be filed, including 28 U.S.C. §§ 2241, 2254, and 2255; here, Plummer seeks relief under either section 2241 or section 2254.

A habeas corpus petition may be brought under section 2241 to challenge the "execution" of a sentence, rather than the sentence itself. *United States v. Little*, 392 F.3d 671, 679 (4th Cir. 2004). Typical challenges to the execution of a sentence under

3

section 2241 include "the administration of parole" and "computation of a prisoner's sentence by prison officials." *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001). In order to be entitled to habeas relief under section 2241, a prisoner must demonstrate that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

Title 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214, authorizes a federal district court to entertain a petition for habeas corpus relief from a prisoner in state custody, "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). When determining the merits of a § 2254 petition, the district court applies the standard set forth in § 2254(d), which provides that the habeas petition of a person in State custody "shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim" is:

> (1) contrary to, or involves an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d) (1) and (2). A claim is considered to have been "adjudicated on the merits" when it is "substantively reviewed and finally determined as evidenced by the state court's issuance of a formal judgment or decree." *Thomas v. Davis*, 192 F.3d 445, 455 (4th Cir. 1999); *see, also, Williams v. Taylor,* 529 U.S. 362, 405, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000).

### III.   **Discussion**

To begin, the undersigned notes that in Plummer's multiple filings, she includes claims typically brought in a civil rights action under 42 U.S.C. § 1983; including, illegal arrest, harassment, and prison mail tampering. Nevertheless, Plummer's core complaint is her alleged illegal detention, and release from custody is her primary request for relief. Thus, Plummer's filings are most properly construed as a petition for a writ of habeas corpus, and her demand to be "compensated for [her] lost time" is not cognizable in this proceeding.[2] *See Best v. North Carolina,* No. 5:12–CT–3148–BO, 2013 WL 140057, at *1 (E.D.N.C. Jan. 10, 2013) (holding that "to recover money damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a plaintiff must show that the underlying conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus") (*citing Heck v. Humphrey,* 512 U.S. 477, 486–87 (1994)). In the context of a pretrial detainee, "a claim, that if successful would necessarily imply the invalidity of a conviction in a pending criminal prosecution, does not accrue so long as the potential for a conviction in the pending criminal prosecution continues to exist." *Harvey v. Waldron,* 210 F.3d 1008, 1014 (9th Cir. 2000). In other words, Plummer must first challenge the legitimacy of the charge against her before she can proceed to seek money damages for the time she spent incarcerated on the charge. *Id.; see, also, Smith v. Vines,* No. 2:14–cv–02607–JDT–cgc, 2015 WL 3442327, at *4 (W.D.Tenn. May 28, 2015) (finding that "[a]ny claim for money

---

[2] Moreover, although Plummer complains about mail tampering and harassment, she does not request money damages for those particular violations.

damages arising from the allegedly unlawful imprisonment and pending prosecution of [a pretrial detainee] is premature"). As such, the undersigned **FINDS** that Plummer fails to state a claim for money damages in this action.

Next, having thoroughly reviewed the initial pleading, the supporting petitions, and the other materials filed by Plummer, the undersigned **FINDS** that Plummer fails to state a viable claim for federal habeas relief. Plummer asks this Court to intervene in her pending state court criminal proceeding, dismiss the charge against her, and order her release. However, the Court is prohibited from interfering in pending state court proceedings absent extraordinary circumstances. *Younger v. Harris*, 401 U.S. 37, 41, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). No exceptional circumstances exist here. Moreover, Plummer has failed to exhaust her state remedies, and exhaustion is required before she can seek federal habeas corpus relief. *See Spencer v. Duncil,* 1:89-cv-370, 1989 WL 226142, at *1 (S.D.W.Va. May 23, 1989) (citing *Hamlin v. Warren,* 664 F.2d 29 (4th Cir. 1981)). Finally, Plummer has been released from state custody. Consequently, her request for release is moot.

### A. *Younger* Abstention

The law is well-settled that a federal court may intervene in a state's pending criminal action only "in the most narrow and extraordinary of circumstances." *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996). In most cases, "national policy [forbids] federal courts to stay or enjoin pending state court proceedings," thus allowing state courts the freedom to determine matters of state law, vindicate important state interests, and address constitutional concerns without interference from federal courts, except when plainly necessary to address a situation of immediate and irreparable

injury. *Younger v. Harris*, 401 U.S. 37, 41, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971).[3] The

United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") explained:

> What lies behind *Younger,* of course, is a broader rule of comity: namely, that federal courts should abstain from the decision of constitutional challenges to state action, however meritorious the complaint may be, "whenever [the] federal claims have been or could be presented in ongoing state judicial proceedings that concern important state interests."

*Cinema Blue of Charlotte, Inc.,* 887 F.2d 49, 52 (4th Cir. 1989). Simply stated, "federal

courts should permit state courts to try state cases" given that federal constitutional

claims can be addressed in state court, and "state court judges are fully competent to

handle them subject to Supreme Court review." *Bonner v. Circuit Court of City of St.

Louis,* 526 F.2d 1331, 1336 (8th Cir. 1975). In *Martin Marietta Corp. v. Maryland

Comm'n on Human Relations*, the Fourth Circuit held that abstention is appropriate

when the following three-pronged test is satisfied: "(1) there are ongoing state judicial

proceedings; (2) the proceedings implicate important state interests; and (3) there is an

adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta

Corp.,* 38 F.3d 1392, 1396 (4th Cir.1994) (citing *Middlesex County Ethics Comm'n v.

Garden State Bar Ass'n,* 457 U.S. 423, 432, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982)). If all

three prongs of the *Martin Marietta* test are satisfied, a federal court may intervene

"only where (1) 'there is a showing of bad faith or harassment by state officials

responsible for the prosecution'; (2) 'the state law to be applied in the criminal

proceeding is flagrantly and patently violative of express constitutional prohibitions'; or

(3) 'other extraordinary circumstances' exist that present a threat of immediate and

irreparable injury." *Nivens v. Gilchrist ("Nivens II"),* 444 F.3d 237, 241 (4th Cir.2006)

---

[3] Moreover, the Anti-Injunction Act, 28 U.S.C. § 2283, expressly prohibits federal courts from enjoining state court actions unless an express exception allows federal interference. None of the three exceptions found in the Anti-Injunction Act applies in this case. *See Employers Research Management Co., Inc. v. Shannon,* 65 F.3d 1126, 1130 (4th Cir. 1995).

(quoting *Kugler v. Helfant,* 421 U.S. 117, 124 (1975)).

The first two prongs of the *Martin Marietta* test are easily met in Plummer's case. Regarding the first prong, Plummer states that she was arrested and is currently being held on a charge of First Degree Arson. Accordingly, there are ongoing state criminal proceedings. The second prong of the test is met inasmuch as the State of West Virginia has an important interest in maintaining the efficient operation of its criminal justice system without undue federal interference. *Nivens v. Gilchrist*, 319 F.3d 151, 154 (4th Cir. 2003). As for the third prong, "ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights." *Gilliam v. Foster,* 75 F.3d at 881, 904 (4th Cir. 1996) (quoting *Kugler v. Helfant,* 421 U.S. 117, 124, 95 S.Ct. 1524, 44 L.Ed.2d 15 (1975)). Indeed, Plummer is free to raise all of her constitutional arguments in the state circuit court. Furthermore, Plummer has shown no extraordinary circumstances, harassment, bad faith, or patently unconstitutional state laws or procedures that would justify this Court's intrusion into the ongoing state criminal proceedings.

### B. Exhaustion of State Remedies

Before Plummer can pursue her federal habeas claim, she must fully exhaust her state court remedies. *Mitchell v. Dir., Beaufort County Detention Center,* C/A No. 6:07-382-JFA-WMC, 2007 WL 1231798, at *2 (D.S.C. Apr. 25, 2007) (citing *Braden v. 30th Judicial Circuit Court,* 410 U.S. 484, 490-91, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973)). To comply with the exhaustion requirement, a state prisoner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel,* 526 U.S. 838, 845, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999).

Exhaustion has two aspects. First, a petitioner must utilize "all available state remedies before he can apply for federal habeas relief." *Breard v. Pruett,* 134 F.3d 615, 619 (4th Cir. 1998) (citing *Matthews v. Evatt,* 105 F.3d 907, 910-11 (4th Cir. 1997)). As to whether a petitioner has used all available state remedies, a habeas petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State ... if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). Second, the petitioner must have offered the state courts an adequate opportunity to address the constitutional claims advanced on federal habeas. "To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese,* 541 U.S. 27, 29, 124 S.Ct. 1347, 158 L.Ed.2d 64 (2004) (quoting *Duncan v. Henry,* 513 U.S. 364, 365-66, 115 S.Ct. 887, 130 L.Ed.2d 865 (1995)). Fair presentation demands that "'both the operative facts and the controlling legal principles must be presented to the state court.'" *Baker v. Corcoran,* 220 F.3d 276, 289 (4th Cir. 2000) (quoting *Matthews,* 105 F.3d at 911).

If Plummer is convicted of the pending criminal charge, she has the remedy of filing a direct appeal to the Supreme Court of Appeals of West Virginia ("WVSCA") or a petition for a writ of habeas corpus in state court. In West Virginia, exhaustion is accomplished in one of three ways: by (1) presenting the federal constitutional issues directly to the WVSCA through an appeal of the conviction or sentence; (2) filing a petition for a writ of habeas corpus under the WVSCA's original jurisdiction and receiving a dismissal with prejudice; or (3) filing a petition for a writ of habeas corpus in the appropriate circuit court followed by an appeal of the judgment to the WVSCA, if the

9

result is adverse. *Moore v. Kirby*, 879 F. Supp. 592, 593 (S.D.W.Va. 1995); *Bayerle v. Godwin*, 825 F.Supp. 113, 114-15 (N.D.W.Va. 1993); *McDaniel v. Holland*, 631 F. Supp. 1544, 1545-46 (S.D.W.Va. 1986); *see also Gardner v. Plumley*, No. 2:12-cv-03386, 2013 WL 5999041, at *5 (S.D.W.Va. Nov. 12, 2013). In general, this Court may not review a state prisoner's habeas petition unless there has been "total exhaustion" of the presented issues. *Rose v. Lundy*, 455 U.S. 509, 522, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). Thus, when a petitioner has failed to exhaust her state court remedies, a federal habeas petition should be dismissed. *See Preiser v. Rodriguez*, 411 U.S. 475, 477, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973).

### C. Mootness

Article III, Section 2 of the United States Constitution provides that federal courts may adjudicate only live cases or controversies. *See Lewis v. Continental Bank Corp.,* 494 U.S. 472, 477, 110 S.Ct. 1249, 1253, 108 L.Ed.2d 400 (1990); *Nakell v. Attorney General of North Carolina,* 15 F.3d 319, 322 (4th Cir.), *cert. denied*, 513 U.S. 866, 115 S.Ct. 184, 130 L.Ed.2d 118 (1994). This means that the "litigant must have suffered, or be threatened with, an actual injury traceable to the [respondent] and likely to be redressed by a favorable judicial decision." *Lewis,* 494 U.S. at 477 (citations omitted). In the context of a habeas corpus proceeding, the writ "does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 494-95, 93 S.Ct. 1123, 1129, 35 L.Ed.2d 443 (1973). Consequently, a prisoner must be in custody at the time he brings a petition for a writ of habeas corpus. *Leonard v. Hammond,* 804 F.2d 838, 842 (4th Cir. 1986). Although his subsequent release will not deprive the court of subject matter jurisdiction, "[t]he question of mootness is separate

and distinct from the jurisdictional issue." *Id.*

"To be justiciable under Article III of the Constitution, a conflict between litigants must present a 'case or controversy' both at the time the action is filed and at the time it is decided. If intervening factual … events effectively dispel the case or controversy during pendency of the suit, the federal courts are powerless to decide the questions presented." *Ross v. Reed,* 719 F.2d 689, 693-94 (4th Cir. 1983); *see also Arizonans for Official English v. Arizona,* 520 U.S. 43, 68, 117 S.Ct. 1055, 137 L.Ed.2d 170 (1997) ("The requisite personal interest that must exist at the commencement of the litigation … must continue throughout its existence") (citations omitted). "Simply stated, a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack,* 395 U.S. 486, 496, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1969). Therefore, when a prisoner files a habeas corpus petition seeking relief from a sentence, his release from custody may render his petition moot. *See Buczek v. Werlinger,* 513 F.App'x 126, 127-28 (3d Cir. 2013) (holding that a prisoner's release from prison prevented the court from fashioning "any form of meaningful relief"); *Watkins v. Garrett,* 514 F.App'x 443, 444 (5th Cir. 2013) (finding that no case or controversy existed in a habeas action where the petitioner was released from custody and did not seek a reduction of supervised release); *and Porter v. United States,* No.: 03-3043-13BD, 2004 WL 3899008 (D.S.C. May 28, 2004) (holding that satisfaction of the challenged sentence rendered a § 2241 petition moot). In this case, Plummer requested on multiple occasions that this Court release her from state custody. According to the information provided by the Southwestern Regional Jail and obtained from the inmate locator sites offered by the West Virginia Regional Jail and Correctional Facility and the West Virginia DOC, Plummer has been released from custody.

11

Accordingly, Plummer received the relief she requested and will not benefit further from a favorable judicial decision on the petition currently pending.

There are two exceptions to the mootness doctrine. *Leonard,* 804 F.2d at 842. First, under the "collateral consequences" exception, a habeas petition is not rendered moot after a petitioner is released from custody where the conviction is challenged and the conviction results in collateral consequences that continue after expiration of the sentence. *Id.* (citing *Carafas v. LaVallee,* 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968)).

> An incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction. Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole - - some "collateral consequence" of the conviction – must exist if the suit is to be maintained.

*Spencer v. Kemna*, 523 U.S. 1, 7, 118 S.Ct. 978, 983, 140 L.Ed.2d 43 (1998). For example:

> [w]here the criminal conviction ... results in the continued denial of important civil rights, such as the right-to-vote or the right to be considered for jury duty, the claim for habeas relief will remain a live controversy even after the prisoner has been released from custody. Similarly, where the criminal conviction may result in an enhanced sentence should the petitioner later be convicted of another crime, h[is] stake in habeas relief permits the court to exercise its judicial freedom long after [ ] he has been freed.

*Broughton v. State of N.C.,* 717 F.2d 147, 148-49 (4th Cir. 1983) (internal citations omitted). Second, the "capable of repetition, yet evading review" exception prevents a petition from becoming moot when two elements are present: (a) the challenged action is too short in duration to be fully litigated before it ceases or expires, and (b) there is a reasonable expectation that the same petitioner will be subjected to the same wrongful

12

action again. *Leonard,* 804 F.2d at 842 (citing *Weinstein v. Bradford,* 423 U.S. 147, 149, 96 S.Ct. 347, 46 L.Ed.2d 350 (1975)).

In this case, neither exception applies. Plummer did not specifically challenge a conviction, since a conviction was speculative; rather, she claimed that the State of West Virginia had no legal right to detain her before she was convicted of a crime. In such a case, collateral consequences are irrelevant. *See Lane v. Williams,* 455 U.S. 624, 633, 102 S.Ct. 1322, 71 L.Ed.2d 508 (1982). Similarly, the capable of repetition, but evading review exception is inapplicable, because it is mere conjecture that Plummer will be returned to a state correctional facility in the future and again face the same alleged wrong. Conjecture is insufficient to meet the mootness exception. *See Murphy v. Hunt,* 455 U.S. 478, 482, 102 S.Ct. 1181, 71 L.Ed.2d 353 (1982). Plummer has not provided the Court with an update of the status of the charge against her; however, there is nothing in the record to suggest Plummer's imminent incarceration on any charge. Therefore, the undersigned **FINDS** that Plummer's petition is moot.

## IV.   <u>**Proposal and Recommendations**</u>

For the reasons stated, the undersigned respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that Petitioner's Application to Proceed Without Prepayment of Fees and Costs, (ECF No. 5), be **DENIED**; her Motion to Amend the Petitions for a Writ of Habeas Corpus, (ECF No. 14), be **DENIED**, and the petitions for habeas relief, (ECF Nos. 1, 4, 6, 7, 8, 12, 13), be **DISMISSED**, without prejudice, and be removed from the docket of the Court.

Petitioner is notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, United States District Judge. Pursuant to the provisions of Title 28, United States Code,

13

Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Petitioner shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties, Judge Johnston and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Petitioner.

**FILED:** September 29, 2015

Cheryl A. Eifert
United States Magistrate Judge