IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

STEPHENNIE LYNN PLUMMER,

        Petitioner,

v.                         CIVIL ACTION NO.  2:15-cv-00315

ADMINISTRATOR,
South Central Regional Jail,

        Respondent.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court are Petitioner's (1) letter-form complaint, which the Clerk interpreted as a petition for habeas corpus pursuant to 28 U.S.C. § 2254 (the "Complaint"), (ECF No. 1); (2) Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (the "Petition"), (ECF No. 4); (3) additional documentation in support of the Petition (the "Additional Documentation"), (ECF Nos. 6–8, 12–13); (4) letter-form motion, which the Clerk construed as a motion to amend the Petition (the "Motion to Amend"), (ECF No. 14); and (5) Application to Proceed Without Prepayment of Fees and Costs (the "Application"), (ECF No. 5). By Standing Order entered on May 7, 2014 and filed in this case on January 13, 2015, this action was referred to United States Magistrate Judge Cheryl A. Eifert for submission of proposed findings and recommendations for disposition ("PF&R"). (ECF No. 3.) Magistrate Judge Eifert filed her PF&R on September 29, 2015, in which she recommends that the Court deny the Application and the Motion to Amend and dismiss without prejudice the Complaint, the Petition, and the Additional Documentation. (ECF No. 15.)

The Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of de novo review and the Petitioner's right to appeal this Court's order. 28 U.S.C. § 636(b)(1); *see also Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). In addition, this Court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

Objections to the PF&R in this case were due by October 16, 2015. (*See* ECF No. 15 at 13–14.) To date, no objections have been filed.

Accordingly the Court **ADOPTS** the PF&R, (ECF No. 15), **DENIES** the Application, (ECF No. 5), and the Motion to Amend, (ECF No. 14), **DISMISSES WITHOUT PREJUDICE** the Complaint, (ECF No. 1), the Petition, (ECF No. 4), and the Additional Documentation, (ECF Nos. 6, 7, 8, 12, 13), and **DIRECTS** the Clerk to remove this action from the Court's docket.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: October 20, 2015

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE